SONNY ARNOLD, INCORPORATED, Foxmoor of California, a Limited Partnership, and Jeffrey Leland Wilson, a single man, Petitioners,

v.

SENTRY SAVINGS ASSOCIATION and Lorin Kumley, Respondents.

No. 9238.

Court of Civil Appeals of Texas, Amarillo.

June 9, 1980.

Rehearing Granted June 25, 1980.

McCleskey, Harriger, Brazill & Graf, George H. McCleskey, Lubbock, for petitioners.

Galey & Cummings, Charles E. Galey, Lubbock, for respondents.

REYNOLDS, Chief Justice.

This original injunction proceeding was brought to enjoin the scheduled 3 June 1980 sale of realty under a deed of trust pending the disposition of an appeal in our Cause No. 9247 from the trial court's order denying the temporary injunction. In an accelerated 2 June 1980 hearing, we temporarily enjoined the sale. We now express our formal opinion in support of the writ of temporary injunction.

We are empowered to issue writs necessary to enforce our jurisdiction. Tex.

Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964). The statutory power authorizes the issuance of a writ of injunction to enjoin a trustee's sale of realty when necessary to the protection of our jurisdiction over the merits of a pending appeal, *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.), and particularly to prevent the invasion of our jurisdiction through the destruction of the subject-matter of the appeal. *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ. App.—Dallas 1931, writ ref'd).

At the 2 June 1980 hearing in this matter, it was evidenced that Sonny Arnold, Incorporated, had executed a multifamily deed of trust, conveying in trust Lot Two (2), Village West Addition to the City of Lubbock, Lubbock County, Texas, to secure the repayment of an indebtedness evinced by its promissory note made payable to the order of Sentry Savings Association, Slaton, Texas. The deed of trust and the promissory note, which is in the principal sum of $187,500 and bears interest at the rate of 9.75% per annum, are dated 7 July 1978. The deed of trust has a provision reading:

> 19. TRANSFERS OF THE PROPERTY OR BENEFICIAL INTERESTS IN BORROWER; ASSUMPTION. On sale or transfer of (i) all or any part of the Property, or any interest therein, or (ii) beneficial interests in Borrower [Sonny Arnold, Incorporated] (if Borrower is not a natural person or persons but is a corporation, partnership, trust or other legal entity), Lender [Sentry Savings Association] may, at Lender's option, declare all of the sums secured by this Instrument to be immediately due and payable, and Lender may invoke any remedies permitted by paragraph 27 of this Instrument. This option shall not apply in case of
>
> \*    \*    \*    \*    \*    \*
>
> (b) sales or transfers when the transferee's creditworthiness and management ability are satisfactory to Lender and the transferee has executed, prior to the sale or transfer, a written assumption agreement containing such terms as Lender may require, including, if required by Lender, an increase in the rate of interest payable under the Note.

Prior to 1 November 1979, Sentry Savings Association, being informed of a proposed sale of the realty, indicated a satisfaction with an assumption of the indebtedness if the assumption was by a corporation with a modification of the interest rate to 10.5% per annum. On 1 November 1979, Sonny Arnold, Incorporated, sold the realty to Foxmoor of California, a limited partnership, and Jeffrey Leland Wilson, a single man. The warranty deed of conveyance recites that the realty is encumbered with a deed of trust lien to Sentry Savings Association, and that the indebtedness shall be and remain the obligation of Sonny Arnold, Incorporated, which agrees to indemnify the grantees from any liability in connection therewith.

Within a month of the sale, Sonny Arnold, Incorporated, was notified that as the sale was not in compliance with paragraph 19 in the deed of trust, Sentry Savings Association had determined to exercise its option to declare all sums secured by the deed of trust to be immediately due and payable. The notification then informed that if all sums are not promptly paid, all remedies, including foreclosure, will be exercised. Thereafter, notice, stating that the "terms of the Deed of Trust have been breached and the indebtedness secured thereby is now wholly due," was posted for a 6 May 1980 sale.

Sonny Arnold, Incorporated, Foxmoor of California and Jeffrey Leland Wilson, alleging that all of the terms of the deed of trust have been complied with, including full and complete payment of all installments on the note, secured from the trial court a temporary restraining order, restraining the 6 May 1980 sale pending a hearing on their application for a temporary injunction. On 20 May 1980, the application for the temporary injunction was heard and denied. Sonny Arnold, Incorporated, Foxmoor of California and Jeffrey Leland Wilson perfected an appeal from the order denying the temporary injunction; Sentry Savings Associa-

tion proceeded toward a 3 June 1980 trustee's sale; and these original injunctive proceedings ensued.

At the time of the 2 June 1980 hearing, the transcript for the appeal from the order denying a temporary injunction had been filed timely in our Cause No. 9247, thereby invoking our jurisdiction of the appeal. *State v. Gibson's Distributing Company*, 436 S.W.2d 122, 123 (Tex.1968). It was made apparent at the hearing that unless enjoined, Sentry Savings Association and the substitute trustee, Lorin Kumley, would proceed with the sale of the realty and, by that means, destroy the subject-matter of the appeal, rendering the appeal moot. *Irving Bank & Trust Co. v. Second Land Corp., supra*, at 689. Therefore, in protection of our jurisdiction over the appeal, we exercised our power to enjoin Sentry Savings Association and Lorin Kumley from selling Lot Two (2) of the Village West Addition to the City of Lubbock, Lubbock County, Texas, effective until the disposition of the appeal in Cause No. 9247.

We recognize that the statutory authority under which we acted requires no bond, as well as that some courts exercising the same statutory power have declined to require a bond, as a condition to the issuance of a writ of temporary injunction. *See, e. g., Dawson v. First National Bank of Troup*, 417 S.W.2d 652, 654 (Tex.Civ.App.— Tyler 1967, no writ). Nevertheless, we concluded that to protect against any inequity, a bond sufficient to cover the differential between the quoted interest rates would be required. *Accord, Riverdrive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.). Cash equal to the amount of the bond required was tendered and accepted by the clerk of this Court.

It was, therefore, ordered that the formal writ of temporary injunction issue upon the terms set forth herein.

Neither the action we have taken nor the expressions we have made in support thereof should be taken or construed as any indication of an opinion of the merits of the appeal in Cause No. 9247. The merits are to be determined solely upon the record in that cause.

## ON MOTION FOR REHEARING

In their motion for rehearing, respondents Sentry Savings Association and Lorin Kumley correctly note that our writ of injunction, as well as our order and opinion supporting it, are overly broad. The writ of injunction issued to preserve the subject matter of the appeal in our Cause No. 9247 until we could determine the propriety of a trustee's sale under paragraph 19 of the deed of trust; however, by the operation of our language, we effectively enjoined a trustee's sale of the subject realty under any and all provisions of the deed of trust. This result was neither requested by petitioners nor intended by us, for any prohibition of authorized remedial action unrelated to the issue presented for determination is unwarranted. *Accord, Pait v. International Brotherhood of Boiler, etc.*, 322 S.W.2d 349, 355–56 (Tex.Civ.App.— Houston 1959, no writ).

Consequently, our 2 June 1980 order for writ of injunction and the writ of injunction should be, and hereby are ordered to be, modified to provide that

Sentry Savings Association and Lorin Kumley, substitute trustee, are enjoined, effective until the disposition of the appeal in our Cause No. 9247, from selling Lot Two (2), Village West Addition, an addition to the City of Lubbock, Lubbock County, Texas, at the trustee's sale scheduled for the 3d day of June, A.D. 1980, or otherwise, under the purported authority of paragraph 19 of the deed of trust.

Because we are confident the parties will observe this modification, a formal modified order and writ of injunction will issue only if necessary to effectuate the modification.

Concerned that our injunctive order will become final and deprive us of further jurisdiction over it, respondents suggest this proceeding should be consolidated with Cause No. 9247 to assure continuing jurisdiction if its exercise over the injunction becomes necessary during the pendency of

the appeal. The concern is merely illusory. As a matter of jurisdiction to grant the temporary injunction, there is continuing jurisdiction over it, *Stein v. Frieberg, Klein & Co.*, 64 Tex. 271, 273 (1885), until the disposition of the appeal. *Hubbart v. Willis State Bank*, 119 S.W. 711, 714 (Tex.Civ.App. —1909, writ ref'd).

█ Respondents also complain of the assessment ·of costs against them. In assessing costs, we adhered, as other courts have, to the general principles governing costs on appeal, which allow the successful party to recover costs. *See, e. g., Pait v. International Brotherhood of Boiler, etc., supra*, at 356. Respondents have not cited any authority to the contrary.

Accordingly, Sentry Savings Association's and Lorin Kumley's motion for rehearing is granted to the extent of the modification ordered herein. In all other respects, the motion is overruled.