# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00741-CV

**Wesley Eugene Perkins, Appellant**

**v.**

**Chase Manhattan Mortgage Corporation, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN401164, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 3, 2004, we issued an order enjoining appellee Chase Manhattan Mortgage Corporation from proceeding with a substitute trustee's sale of a home owned by Wesley Perkins, appellant and defendant below. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (court of appeals may issue writs necessary to enforce its jurisdiction). Chase Manhattan filed a response, asking that the injunction be dissolved or, in the alternative, that Perkins be required to post security in order to maintain the injunction.

Having reviewed the record and argument presented by the parties, we believe Chase Manhattan's arguments against the injunction have merit. However, although it appears that Perkins did not attempt to file a bond before the trial court to stay enforcement of the judgment, we believe it would be overly harsh to simply dissolve the injunction without giving Perkins an opportunity to preserve the status quo pending resolution of his appeal. Therefore, we will require Perkins to post

security to maintain the injunction. *See Sonny Arnold*, *Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90, 93 (Tex. Civ. App.—Amarillo 1980), *aff'd*, 633 S.W.2d 811 (Tex. 1982); *Pendleton Green Assocs. v. Anchor Sav. Bank*, 520 S.W.2d 579, 582 (Tex. Civ. App.—Corpus Christi 1975, orig. proceeding); *Riverdrive Mall*, *Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.); *see also* Tex. R. App. P. 43.6 ("court of appeals may make any other appropriate order that the law and the nature of the case require"); Tex. Gov't Code Ann. § 21.001 (West 2004) (court has all powers necessary to exercise its jurisdiction and enforce its lawful orders).

Because of the fact questions involved and the sparse record before us,[1] we abate the cause and remand it to the trial court with instructions to conduct an evidentiary hearing and make findings and recommendations regarding the appropriate amount and form of the security to be imposed. We ask that the trial court's findings and recommendations be filed with this Court by March 28, 2005.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: February 10, 2005

_____

[1] Chase Manhattan seeks security of $26,364, amounting to twenty-four months of "rent," using the monthly payment due on Perkins's note, plus $5,000 in taxes and insurance that Chase Manhattan has paid since Perkins allegedly defaulted on the note in about September 2003. Chase Manhattan states that the monthly mortgage payments are $890.17, but the note signed by Perkins in October 1997 and provided as evidence to this Court by Chase Manhattan, indicates that the monthly payment was to be $480.94.