TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00741-CV




Wesley Eugene Perkins, Appellant

v.

Chase Manhattan Mortgage Corporation, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. GN401164, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING




O R D E R

                        On December 3, 2004, we issued an order enjoining appellee Chase Manhattan
Mortgage Corporation from proceeding with a substitute trustee’s sale of a home owned by Wesley
Perkins, appellant and defendant below. See Tex. Gov’t Code Ann. § 22.221 (West 2004) (court of
appeals may issue writs necessary to enforce its jurisdiction). Chase Manhattan filed a response,
asking that the injunction be dissolved or, in the alternative, that Perkins be required to post security
in order to maintain the injunction. 
                        We determined that Chase Manhattan’s arguments against the injunction have merit,
but that it would be too harsh to simply dissolve the injunction without giving Perkins an opportunity
to preserve the status quo pending resolution of his appeal. It was unclear from the record what an
appropriate bond amount would be, so on February 10, we abated the appeal and asked the trial court
to hold an evidentiary hearing and make findings and recommendations regarding the appropriate
amount and form of the security to be imposed. After a hearing, the trial court recommended that
Chase Manhattan’s motion to set bond be granted and that the bond be set in the amount of
$22,014.08. Based on the trial court’s recommendations, the record, and the parties’ argument, we
hereby require Perkins to post the recommended bond to maintain the injunction. See Sonny Arnold,
Inc. v. Sentry Sav. Ass’n, 602 S.W.2d 90, 93 (Tex. Civ. App.—Amarillo 1980, orig. proceeding);
Pendleton Green Assocs. v. Anchor Sav. Bank, 520 S.W.2d 579, 582 (Tex. Civ. App.—Corpus
Christi 1975, orig. proceeding); Riverdrive Mall, Inc. v. Larwin Mortgage Investors, 515 S.W.2d 2,
4 (Tex. Civ. App.—San Antonio 1974, orig. proceeding); see also Tex. R. App. P. 43.6 (“court of
appeals may make any other appropriate order that the law and the nature of the case require”); Tex.
Gov’t Code Ann. § 21.001 (West 2004) (court has all powers necessary to exercise its jurisdiction
and enforce its lawful orders).
                        Perkins is ordered to file with the trial court clerk a $22,014.08 bond pursuant to rule
24 of the rules of appellate procedure. That bond must be approved by the trial court clerk, made
payable to Chase Manhattan, signed by Perkins or Perkins’s agent, and signed by a sufficient surety
or sureties. Tex. R. App. P. 24.1(b). Perkins must file evidence of the posted security with this
Court, and that evidence must be received by this Court no later than 5:00 p.m. on May 10, 2005. 
If Perkins fails to file the ordered bond and provide proof of the posting by that date, we will
dissolve the December 3 injunction.
                        It is ordered April 20, 2005.
 
                                                                                    ____________________________________
                                                                                    David Puryear, Justice
Before Chief Justice Law, Justices B. A. Smith and Puryear