# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00676-CV

**Herndon Y. Robinson, Appellant**

**v.**

**Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. GN302858, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## NO. 03-06-00058-CV

**In re Herndon Y. Robinson**

**ORIGINAL PROCEEDING FROM TRAVIS COUNTY**

## M E M O R A N D U M   O P I N I O N

In 2001, Robinson took out a loan from Southwest Equities, Inc. in exchange for a promissory note and a deed of trust, which were endorsed and assigned to Bankers Trust Company, as custodian. The deed of trust is serviced by Saxon Mortgage Services, Inc., f/k/a Meritech Mortgage Services, Inc. Robinson filed suit in the 201st District Court of Travis County, naming Saxon Mortgage and Southwest Equities as defendants and arguing that the lien was invalid because

the note and deed were defective (trial court cause number GN302858). In August 2005, the district court granted summary judgment in favor of Saxon Mortgage and Southwest Equities, and Robinson appealed to this Court (our cause number 03-05-00676-CV).

On December 30, 2005, Robinson filed an original petition in the 345th District Court of Travis County, seeking declaratory relief and a temporary injunction against Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company (trial court cause number D-1-GN-05-4585). Robinson alleged that Deutsche Bank was seeking to foreclose on the property and sought a declaratory judgment that the promissory note was void. The district court initially stayed a sale scheduled for January 3, 2006, but later refused to grant a temporary injunction. On January 27, Robinson filed his petition for writ of injunction and motion for temporary relief in this Court (our cause number 03-06-00058-CV), stating that a foreclosure sale was scheduled for February 6, 2006. On February 3, this Court issued an order consolidating the two causes for consideration and staying the foreclosure sale. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (court of appeals may issue writs necessary to enforce its jurisdiction). Saxon Mortgage has responded in opposition to our order, arguing that an injunction is not appropriate or necessary or, alternatively, that Robinson should be required to post a supersedeas bond to protect Saxon's interests.

Having reviewed the record and argument presented by the parties, we will grant Saxon Mortgage's motion seeking relief from our order. Although it appears that Robinson did not seek to file a bond before the trial court to stay enforcement of the judgment, we believe it would be overly harsh to simply dissolve the injunction without giving Robinson the opportunity to preserve the status quo pending resolution of his appeal. Therefore, we will require Robinson to post security

2

to maintain the injunction.  *See Sonny Arnold*, *Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90, 93 (Tex. Civ. App.—Amarillo 1980, orig. proceeding); *Pendleton Green Assocs. v. Anchor Sav. Bank*, 520 S.W.2d 579, 582 (Tex. Civ. App.—Corpus Christi 1975, orig. proceeding); *Riverdrive Mall*, *Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex. Civ. App.—San Antonio 1974, orig. proceeding); *see also* Tex. R. App. P. 43.6 ("court of appeals may make any other appropriate order that the law and the nature of the case require"); Tex. Gov't Code Ann. § 21.001 (West 2004) (court has all powers necessary to exercise its jurisdiction and enforce its lawful orders).

Because of the fact questions involved, we abate the causes and remand them to the trial court with instructions to conduct an evidentiary hearing and make findings and recommendations regarding the appropriate amount and form of the security to be imposed.  We ask that the trial court's findings and recommendations be filed with this Court by June 15, 2006.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed:   April 28, 2006

3