TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-05-00676-CV





Herndon Y. Robinson, Appellant


v.


Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc., Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN302858, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING









NO. 03-06-00058-CV






In re Herndon Y. Robinson






ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 


O R D E R


 On February 3, we consolidated these two causes for consideration and stayed a
scheduled foreclosure sale. See Tex. Gov't Code Ann. § 22.221 (West 2004). Saxon Mortgage
responded, arguing that the injunction was not appropriate or necessary or, alternatively, that
Robinson should be required to post a supersedeas bond to protect Saxon's interests.

 We determined that Saxon Mortgage's arguments have merit, but that it would be
overly harsh to dissolve the injunction without allowing Robinson to post security to preserve the
status quo pending resolution of his appeal. We therefore abated the causes, asking the trial court
to hold an evidentiary hearing and make findings and recommendations regarding the appropriate
amount and form of the security to be imposed. The trial court held a hearing as requested, and the
testimony was that the principal balance due under the note is about $570,000, and that the property
is worth more than $800,000. Robinson has not made payments or paid the taxes on the property
in more than two years, and Saxon Mortgage has paid about $53,000 in taxes over the last five years. 
One year of interest is about $60,000, and since Robinson's last payment, about $262,000 in interest
has accrued. Robinson asserted that Saxon Mortgage had filed and withdrawn foreclosure suits
several times before Robinson himself filed this declaratory judgment action in August 2003.

 Following the hearing, the trial court recommended that Robinson be required to post
a $2,500.00 cash bond. However, the court did not make findings of fact or conclusions of law that
would explain its decision. Based on this record and without an explanation of how the trial court
arrived at that amount, we believe that the court's recommendation is too low to protect Saxon
Mortgage's interests. We have a duty to ensure that Saxon Mortgage's interests are "adequately
protected against substantial financial loss in the event the appealed judgment is sustained," and we
have the discretion to determine the sufficiency of the required bond. Pendleton Green Assocs. v.
Anchor Sav. Bank, 520 S.W.2d 579, 582 (Tex. Civ. App.--Corpus Christi 1975, orig. proceeding).

 Therefore, based on the evidence presented at the trial court's hearing, we will require
Robinson to post a $100,000 bond in order to maintain our stay on the foreclosure sale. See Sonny
Arnold, Inc. v. Sentry Sav. Ass'n, 602 S.W.2d 90, 93 (Tex. Civ. App.--Amarillo 1980, orig.
proceeding); Pendleton Green Assocs., 520 S.W.2d at 582; Riverdrive Mall, Inc. v. Larwin Mortgage
Investors, 515 S.W.2d 2, 4 (Tex. Civ. App.--San Antonio 1974, orig. proceeding); see also Tex. R.
App. P. 43.6 ("court of appeals may make any other appropriate order that the law and the nature of
the case require"); Tex. Gov't Code Ann. § 21.001 (West 2004) (court has all powers necessary to
exercise its jurisdiction and enforce its lawful orders).

 Robinson is ordered to file with the trial court clerk a $100,000.00 bond pursuant to
and complying with rule 24 of the rules of appellate procedure. Tex. R. App. P. 24.1(b). Robinson
must file evidence of the posted security with this Court, and that evidence must be received by this
Court no later than 5:00 p.m. on December 22, 2006. If Robinson does not both file the ordered
bond and provide proof of the posting by that date, we will dissolve the February 3 injunction.

 It is ordered December 1, 2006.


 ____________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear