NO. 07-10-00329-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
AUGUST 30, 2010
--------------------------------------------------------------------------------

 
 IN RE FREDDIE MONROE PICKETT, RELATOR
--------------------------------------------------------------------------------

 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Relator Freddie Monroe Pickett, appearing pro se and in forma pauperis, is incarcerated in a secure corrections facility operated by the Texas Department of Criminal Justice. He is the appellant in case number 07-09-0043-CV, also pending before us. 
On August 11, 2010, Pickett filed this original proceeding seeking a writ of injunction restraining and mandating conduct by the Department of Criminal Justice. Chiefly, Pickett seeks an order mandating his early release from incarceration or relocation within the institutional division and restraining conduct within the facility where he is currently confined. 
 By his petition, Picket does not demonstrate nor do we discern how the injunctive relief he seeks is necessary to preserve this court's jurisdiction over case number 07-09-0043-CV. The jurisdiction of a court of appeals to grant injunctive relief is limited to preserving or enforcing its jurisdiction over the merits of a pending appeal and not for the purpose of granting relief on equitable grounds nor for protecting a litigant. See Pace v. McEwen, 604 S.W.2d 231, 233 (Tex.Civ.App.--San Antonio 1980, no writ); Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004); Sonny Arnold, Inc. v. Sentry Sav. Ass'n, 602 S.W.2d 90, 91-92 (Tex.Civ.App.--Amarillo 1980, no writ). See also Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex. 1989) (writ of injunction issues to enforce or protect appellate court's jurisdiction). 
 Because Pickett does not request injunctive relief coming within the narrow grant of jurisdiction afforded a court of appeals, we must, and do, dismiss his petition for want of jurisdiction.

 James T. Campbell
 Justice