NO. 07-11-00310-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
19, 2011

 



 

IN RE DONOVAN DUNN, RELATOR



 



 

.

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Relator
Donovan Dunn has filed a petition for writ of mandamus and motion for temporary
relief.  By his petition, relator asserts
the trial court rendered two void orders requiring he submit to drug screening.  He asks that we declare the orders void and
temporarily forbid a contempt determination by the trial court.   

            Relator
has presented no evidence of indigence, thus the filing fees for his petition
and motion were due on July 29, 2011, when the items were presented for
filing.  Tex. R. App. P. 5.  By letter of August 1, the clerk of this
court directed relator to pay the fees by August 11, on peril of dismissal for
noncompliance.  See Tex. R. App. P. 5 (court may enforce rule by an order that is
just); cf. Tex. R. App. P. 42.3(c)
(appeal may be involuntarily dismissed for failure to comply with appellate
rules, court order, or notice of the clerk requiring action within specified
time).  To date, relator has not
responded.  

Consequently, because he has failed
to comply with the appellate rules and our clerk’s notice requiring payment of
the fees, relator’s petition and motion are dismissed. Tex. R. App. P. 42.3.

 

Per Curiam

 

 








 






al and not for the
purpose of granting relief on equitable grounds nor
for protecting a litigant.  See Pace
v. McEwen, 604 S.W.2d 231, 233 (Tex.Civ.App.--San
Antonio 1980, no writ); Tex. Gov’t Code Ann. §
22.221(a) (Vernon 2004); Sonny Arnold,
Inc. v. Sentry Sav. Ass’n, 602 S.W.2d 90, 91-92 (Tex.Civ.App.--Amarillo 1980, no writ).  See also Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 683
(Tex. 1989) (writ of injunction issues to enforce or protect appellate court’s
jurisdiction). 

            Because
Pickett does not request injunctive relief coming within the narrow grant of jurisdiction
afforded a court of appeals, we must, and do, dismiss his petition for want of
jurisdiction.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1] Pickett’s petition appears also addressed to the
United States District Court for the Eastern District of Texas, Tyler Division.