**IRVING BANK & TRUST COMPANY et al., Appellants,**

v.

**SECOND LAND CORPORATION et al., Appellees.**

No. 19084.

Court of Civil Appeals of Texas, Dallas.

Oct. 14, 1976.

Rehearing Denied Nov. 11, 1976.

James A. Cline, Tabor, Fowler & Cline, Irving, John C. Nabors, Liddell, Sapp, Zivley & Brown, Houston, for appellants.

John D. Crawford, Dallas, for appellees.

GUITTARD, Justice.

This appeal is from a temporary injunction restraining a trustee's sale of land. The principal ground alleged to support the injunction is that various notes secured by deeds of trust on the property in question are usurious and that when statutory penalties are applied to the indebtedness in question, no right of foreclosure exists. Without deciding any of several usury questions, we hold that the trial court had discretion to preserve the status quo by temporary injunction until trial on the merits.

The controversy arises out of a series of loans by appellant Irving Bank & Trust Company to Fowler Brothers Sand & Gravel, a partnership composed of B. K. Fowler, John G. Fowler, and Troy C. Fowler, and to Second Land Corporation, which the partners control. The partnership is engaged in mining and selling sand and gravel from the land in question, some of which is held in the name of the corporation. From time to time the defendant bank has advanced various amounts to the partnership and to the corporation and has taken notes secured by deeds of trust. In May, 1976, after interest on these notes had gone unpaid, the bank appointed a substitute trustee and instructed him to sell the property. The trustee posted notices for a sale on the first Tuesday in June. The partnership, the individual partners, and the corporation then filed this suit for injunctive relief and obtained a temporary restraining order. A hearing on an application for temporary injunction was begun on July 29, 1976, and

on August 2, the court issued a temporary injunction restraining the bank and the trustee from proceeding with the sale until trial on the merits. The order permits appellants to supersede the injunction on filing a supersedeas bond in the amount of $5,000. Appellants filed the bond and perfected this appeal. On application of the appellees, we issued our temporary injunction restraining appellants from proceeding with the sale until the appeal is decided.

■ The appellant bank asserts in its first point that the trial judge abused his discretion in granting the temporary injunction because a proper application of the controlling law to the facts demonstrates that appellees have no probable right to restrain the sale on the ground of usury. Appellant discusses each of the loan transactions shown by the evidence in an effort to demonstrate that none is usurious under a proper interpretation of the usury statutes. Appellees' brief, likewise, contains an extended discussion of the loan transactions and the usury statutes. We decline to decide any of the usury questions because we conclude that the trial judge had discretion to issue the temporary injunction without finally deciding any of these questions.

■ In order to invoke the trial court's discretion to issue a temporary injunction, the plaintiffs are not required to prove that they will prevail at final trial. They need only offer evidence tending to prove a probable right to recovery and a probable injury if the injunction is not granted. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 556, 261 S.W.2d 549, 552 (1953). We review the evidence, therefore, only for the purpose of determining whether the record discloses probable right and probable injury to support the exercise of the trial judge's discretion.

### 1. *Probable Right*

■■ The first transaction in question is represented by a note in the amount of $162,842.67, including $125,000 principal and $37,842.67 interest, signed by Fowler Brothers and payable in monthly installments over a period of five years. The interest is figured at an add-on rate of six percent, which means that a full six percent per annum of the original principal amount for the full five years is added to the amount of the note at the beginning, although the principal, together with interest, is payable in monthly installments. On a simple interest basis, this would amount to more than ten percent per annum. Consequently, appellees argue that the loan is usurious under the ten-percent maximum fixed by Tex. Const. art. XVI, § 11, and has not been shown to fall within any statutory exception authorized by the constitution.

The bank contends that the add-on interest is authorized by Tex.Rev.Civ.Stat.Ann. art. 5069–4.01 (Vernon 1971), which permits banks to contract for monthly installment loans with add-on interest of $8 per $100 per annum for the full term of the loan. The bank admits, however, that it violated article 5069–4.04(2) by taking a lien on part of the real estate as secondary collateral for this loan. Also, one of the partners testified that the bank failed to furnish the borrowers a copy of the documents they signed showing the nature of the security, as required by article 5069–4.03(1)(c).

The precise question determining the existence of usury in this loan is whether these violations of the statute invoke the penalty of twice the amount of the interest, plus attorney's fee, provided in article 5069–8.01. Another question is whether the taking of the lien on the real estate disqualifies the loan from the add-on interest rate under article 5069–4.01. No judicial decisions construing the statute in these respects have been cited to us. We decline to construe it on this appeal, since we conclude that the trial judge had discretion to reserve these questions for final trial and to issue the temporary injunction preserving the status quo until then.

The other loan transactions present different questions, but we conclude that they, likewise, are substantial questions, both of law and fact, which the judge, in his discretion, could properly reserve until full development of the facts and law at a plenary

trial. Decision of these questions on this interlocutory appeal would be premature. The ultimate legal rights of the parties should not be determined on an appeal from an interlocutory order that merely preserves the status quo pending trial on the merits. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421 (1959); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 553 (1953). Consequently, we hold that appellees made a sufficient showing of probable right to invoke the trial judge's discretion to issue a temporary injunction.

### 2. *Inadequacy of Legal Remedy*

In their second point appellants assert that appellees failed to establish that they had no adequate remedy at law. They argue that appellees have an adequate remedy by a suit for usury penalties. We do not consider that remedy adequate in this case. The existence of a remedy at law is not ground for denial of injunctive relief unless the legal remedy is as practical and efficient to the ends of justice as the equitable remedy. *Sumner v. Crawford,* 91 Tex. 129, 41 S.W. 994, 995 (Tex.1897); *Long v. Castaneda,* 475 S.W.2d 578, 582 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n. r. e.). Although a usurious loan is not necessarily void except with respect to the interest, the borrower is not limited to recovery of penalties. He may elect to apply the penalties against the principal and thus reduce or extinguish the indebtedness. *Cherry v. Berg,* 508 S.W.2d 869, 874 (Tex.Civ. App.—Corpus Christi 1974, no writ). This remedy would clearly be more practical and efficient than a suit for usury penalties, since it might well save the land from foreclosure. When ownership of real estate is at stake, existence of a right of action for damages is not ground for denying equitable relief. *Cf. E. I. DuPont de Nemours & Co. v. Zale Corp.,* 462 S.W.2d 355, 359 (Tex. Civ.App.—Dallas 1970, writ ref'd n.r.e.).

The only authority appellants cite to support denial of the injunction on this ground is *Riverdrive Mall, Inc. v. Larwin Mortgage Investors,* 515 S.W.2d 5 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). That decision holds merely that the trial judge had discretion under the facts of that case to deny a temporary injunction and leave the borrower to a suit for usury penalties. It does not support the bank's contention that the granting of a temporary injunction to restrain a foreclosure sale is an abuse of discretion on a record such as that now before us. We hold that where a substantial claim of usury is involved the trial judge has discretion to preserve the status quo until the net amount of the indebtedness can be determined at a trial on the merits. *Cf. Vaughan v. Crown Plumbing & Sewer Service, Inc.,* 523 S.W.2d 72, 76–77 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Lee v. Howard Broadcasting Corp.,* 305 S.W.2d 629, 635–36 (Tex.Civ. App.—Houston 1957, no writ).

### 3. *Irreparable Injury*

On similar reasoning, we find that the bank's third point, also, is without merit. By that point it contends that appellees failed to establish irreparable injury because there was no competent evidence of the value of the collateral securing the indebtedness. We hold that appellees were not required to establish the value of the property in order to invoke the judge's discretion to grant a temporary injunction. The evidence shows that the partnership was carrying on a sand and gravel mining business on the land in question. If the land is sold at a trustee's sale, appellees will lose their equity, the business of the partners will be interrupted, and they will be required to secure another source of materials. These circumstances indicate that denial of the temporary injunction will probably cause a substantial loss that would not be adequately compensated either by usury penalties or by money damages.

### 4. *Allowance of Supersedeas*

We turn now to appellees' crosspoint, which asserts that the trial court erred in allowing appellants to supersede the temporary injunction. In this connection the record shows that on August 2, 1976, the

judge signed an order granting the temporary injunction, but provided that appellants might supersede the order by filing a supersedeas bond in the amount of $5,000. On the next day, appellees attempted to perfect a limited appeal from the order insofar as it permitted appellant to supersede. Thereafter the judge signed another order, dated August 3, 1976, again fixing the amount of the supersedeas bond at $5,000 and permitting appellants to suspend the injunction pending appeal by filing a supersedeas bond in that amount. Appellees contend that the trial court lost jurisdiction when their appeal was perfected and, therefore, had no authority to suspend the injunction.

 We overrule appellants' cross-point. The trial judge has express authority under Tex.R.Civ.P. 385(d) to permit supersedeas of the temporary injunction. *Cf. Caldwell v. Kingsbery*, 451 S.W.2d 247, 252 (Tex.Civ.App.—Austin 1970, writ ref'd n.r. e.). The provision allowing supersedeas in the order granting the temporary injunction was interlocutory and not appealable, as was also the order of August 3, which again provided for suspension of the injunction pending appeal. Consequently, we have no authority to review either order. Of course, the suspension resulting from filing the supersedeas bond expires on conclusion of this appeal.

### 5. Temporary Injunction Pending Appeal

 We do have authority, however, under Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964) to issue our own temporary injunction pending appeal if such a writ is necessary to protect our jurisdiction. On appellees' application we exercised that authority and issued a temporary injunction restraining the trustee's sale because otherwise appellants would have been able to proceed with the trustee's sale and render the temporary injunction moot. *Cf. Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579, 582 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Riverdrive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.).

Appellants point out that our temporary injunction expires after our decision of this appeal and that if an application for writ of error is filed, only the supreme court will have authority to restrain the sale by further injunctive relief. In this respect, appellants are correct. Our temporary injunction will expire when we lose jurisdiction upon filing of an application for writ of error or otherwise.

### 6. No Necessity for Appeal

 Finally, we will observe that this appeal, like many other temporary injunction appeals, appears to be entirely unnecessary. Presumably, the trial judge, after granting the temporary injunction, would have given the case a preferred setting for an early trial on the merits on request of either party so that the substantial questions involved in this litigation could be decided finally and expeditiously, as directed by the supreme court in *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952). We see no reason why the case could not have been prosecuted to final judgment in less time than that required by this interlocutory appeal, which decides nothing except whether the status quo should be preserved pending trial on the merits. A hearing on an application for temporary injunction does not serve the same purpose as the hearing on the merits, nor should an appeal from a preliminary order be used to obtain an advance ruling on the merits. The most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case on the merits and thus secure a hearing in which both facts and law may be fully developed, and then both trial and appellate courts can render judgment finally disposing of the controversy. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959).

The trial court's order granting the temporary injunction is affirmed. The temporary injunction issued by this court will

continue until an application for writ of error is filed, or the time expires for filing such an application without its being filed, or until the time for filing a motion for rehearing in this court expires without such a motion being filed.