TOWN PLAZA FABRICS, INC.,
Appellant,

v.

MONUMENTAL PROPERTIES OF TEX-
AS, INC. (successor by merger to Ar-
lington Properties, Inc.), Appellee.

No. 19087.

Court of Civil Appeals of Texas,
Dallas.

Dec. 2, 1976.

Richard F. McMullen, McMullen & Sny-
der, Dallas, for appellant.

Joe B. Harrison, Wynne & Jaffe, Dallas,
for appellee.

AKIN, Justice.

This is an appeal from a denial of a
temporary injunction which was sought by
Town Plaza Fabrics to prohibit its landlord,
Monumental Properties, from taking any
action to evict it as a tenant or to interfere
with its use and enjoyment of the leased
premises. Because we hold that appellant
failed to show that the temporary writ was
necessary to preserve its rights prior to the
time that it could obtain a trial on the
merits, no abuse of the trial court's discre-
tion is shown. Accordingly, we affirm.
We also dissolve our temporary injunction
previously granted appellant pursuant to
Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon
1967).

Appellant operates a retail store in shop-
ping mall premises leased from Monumen-
tal Properties. The lease gave the lessor
the option to terminate the lease in the
event Herb Owens, who was majority stock-
holder of Town Plaza at the time the lease
was signed, sold his majority control. In
early 1976, Herb Owens did in fact sell his
stock to the current shareholders and, con-
sequently, Monumental notified Town Plaza

that it had elected to terminate the lease under its option. Town Plaza filed a declaratory judgment action to construe the lease; it is pursuant to this action that the temporary injunction was sought to prevent Monumental from bringing a threatened forcible detainer action to recover the premises. The record does not, however, disclose whether such an action has been filed.

 Before a temporary injunction can be granted, the petitioner must show that it has a probable right of recovery and that it will probably suffer injury unless the injunction is granted. *Manning v. Wieser,* 474 S.W.2d 448, 449 (Tex.1971). Thus, if the movant fails to introduce evidence showing a probable injury, it is not only proper for the trial court to deny the injunction, but it is required to do so. *Delaney v. Fidelity Lease Limited,* 526 S.W.2d 543 (Tex.1975). The evidence introduced must also show that irreparable injury will occur before the cause can be heard on the merits, not merely that harm will occur. *Sarris v. Christie,* 217 S.W.2d 99, 102 (Tex. Civ.App.—Dallas 1949, writ ref'd n. r. e.); *Upshur Rural Electric Cooperative Corp. v. Key,* 469 S.W.2d 420, 423 (Tex.Civ.App.— Texarkana 1971, no writ); *see Crawford Energy, Inc. v. Texas Industries,* 541 S.W.2d 463, 467 (Tex.Civ.App.—Dallas 1976, no writ).

 The evidence at the temporary injunction hearing showed that the landlord had taken the position that it was entitled to terminate the lease and that, if Town Plaza refused to vacate the premises within ten days after notice was given on July 12, Monumental would initiate a forcible entry and detainer suit in justice court. There was no evidence, however, that such an action had been filed or that it could be filed and finally determined both in the justice court and on appeal before the court could decide the declaratory judgment action. Although the president of Town Plaza testified that the business would suffer irreparable harm if it was forced to vacate the premises, Town Plaza failed to show the immediacy of this harm. We cannot assume that the trial court would be unable to try the merits before Monumental could obtain possession by forcible detainer proceedings because the court could properly give the case precedence over other pending cases, and presumably would have done so. *See Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 422 (1959); *SCM Corp. v. Triplett Co.,* 399 S.W.2d 583, 588 (Tex.Civ.App.—San Antonio 1966, no writ); and *cf. Manning v. Wieser,* 474 S.W.2d 448, 450 (Tex.1971), in which the trial court's denial of a temporary injunction was held to be within its discretion in view of its offer of an early setting on the merits. In this respect, we hold that Town Plaza had the burden of showing that it would likely be forced to vacate the premises before the district court could hear the declaratory judgment action on its merits. Because it failed to show irreparable harm occurring before the cause could be heard on its merits, no abuse of the trial court's discretion is shown.

We expressly decline to pass on whether appellant established a probable right of recovery because no necessity exists for this determination in view of our holding. Furthermore, in our view, justice is not served by using an interlocutory appeal, such as this, to obtain an advance ruling on the merits. Moreover, as we view this matter, no necessity for an appeal existed because this case could have been most likely tried on its merits in less time than the time required by this interlocutory appeal. *See Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684, 689 (Tex.Civ.App.— Dallas 1976), and *Crawford Energy, Inc. v. Texas Industries, Inc.,* 541 S.W.2d 463, 468 (Tex.Civ.App.—Dallas 1976, no writ).

Affirmed.