**CHARTER MEDICAL CORPORATION et al., Appellants,**

v.

**Dr. Michael J. MILLER et al., Appellees.**

No. 19163.

Court of Civil Appeals of Texas, Dallas.

Feb. 17, 1977.

Bertran T. Bader, III, Bert Bader, Frank L. Branson, Bader, Wilson, Menaker, Cox & Branson, Dallas, for appellants.

R. Jack Ayres, Jr., Kelsoe & Ayres, Dallas, for appellees.

ROBERTSON, Justice.

This appeal is from a temporary injunction, enjoining appellants, Charter Medical Corporation, Mesquite Memorial Hospital, Inc., and Howard Mulcay, and all others acting in concert with them, from attempting to enforce the provisions of the amended bylaws of Mesquite Memorial Hospital or in any manner attempting to interfere with or limit the appellees' rights to practice podiatry in the hospital as they existed prior to the adoption of the amendment. The order granting the temporary injunction set forth the reasons for its issuance as follows:

> . . . Plaintiffs have established by full and satisfactory proof all elements required for such injunction, including their probable right to recovery and irreparable damage herein and injury by virtue of the Defendants' conduct;
>
> . . . .

We hold that the recital in this order does not comply with the requirement of Tex.R. Civ.P. 683 that every order granting an injunction shall set forth specific reasons for its issuance. Accordingly, we dissolve the temporary injunction.

In *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971), the supreme court stated that a trial court need not explain its reasons for believing an applicant has shown a probable right of recovery on the merits, but must give the reasons why injury will be suffered if the temporary injunction is not ordered. *See Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). The specific reasons are to be stated in lieu of mere conclusory statements. *Schulz v. Schulz*, 478 S.W.2d 239, 244–45 (Tex.Civ. App.—Dallas 1972, no writ); *Round Mountain Community v. Fulkes*, 501 S.W.2d 474, 475 (Tex.Civ.App.—Austin 1973, no writ); and *Charton Corp. v. Brockette*, 534 S.W.2d 401, 405 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). When a temporary injunction order is issued which does not conform to the requirements of the rule, it necessarily constitutes an abuse of the trial court's discretion and requires reversal. *Crouch v. Crouch*, 164 S.W.2d 35, 38 (Tex. Civ.App.—Waco 1942, no writ). The recital of "irreparable damage herein and injury by virtue of the Defendants' conduct" lacks the specificity required by Rule 683 and by the above decisions. Accordingly, we hold that the trial court abused its discretion.

In view of this holding it would be inappropriate for us to decide the points raised concerning appellees' probable right to permanent injunctive relief, and thus to render, in effect, an advisory opinion. A hearing on an application for temporary injunction does not serve the same purpose as a trial on the merits, nor should an appeal from a preliminary order be used to obtain an advance ruling thereon. Neither should it delay a trial on the merits.

Finally, as we have observed in *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463, 468 (Tex.Civ.App.— Dallas 1976, no writ); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, no writ);

and *Town Plaza Fabrics, Inc. v. Monumental Properties of Texas, Inc.*, 544 S.W.2d 775 (Tex.Civ.App.—Dallas, 1976), this appeal, like many other temporary injunction appeals, appears to be entirely unnecessary. Presumably, the trial judge, after granting the temporary injunction, would have given the case a preferred setting for an early trial on the merits on request of either party so that the substantial questions involved in this litigation could be decided finally and expeditiously, as directed by the supreme court in *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952). We see no reason why the case could not have been prosecuted to final judgment in less time than that required by this interlocutory appeal, which decides nothing except whether the status quo should be preserved pending trial on the merits. The most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case and thus secure a hearing in which both facts and law may be fully developed, and then both trial and appellate courts can render judgment finally disposing of the controversy. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959).

Accordingly, we reverse the judgment of the trial court and dissolve the temporary injunction order.