David **REEDER**, Appellant,

v.

**INTERCONTINENTAL PLASTICS MANUFACTURING COMPANY, INC.,** Appellee.

**No. 19911.**

Court of Civil Appeals of Texas, Dallas.

March 28, 1979.

Albon O. Head, Jr., McLean, Sanders, Price, Head & Ellis, Fort Worth, for appellant.

Robert W. Turner, Hubbard, Thurman, Turner, Tucker & Glaser, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

GUITTARD, Chief Justice.

David Reeder appeals from an order granting a temporary injunction restraining his use of confidential information to compete with his former employer, Intercontinental Plastics Manufacturing Company. The only grounds of the appeal are that the evidence fails to show a probable injury and that the order does not meet the formal requirements of rule 683, Texas Rules of Civil Procedure. We hold that no abuse of discretion is shown in these respects.

Reeder, a former salesman for Intercontinental, is now employed by a competing company. He admits that unless restrained he intends to use information obtained while working for Intercontinental to call on Intercontinental's customers in an attempt to secure their business. The information in question concerns Intercontinental's products, prices, and customers. Reeder contends that there is no evidence that this activity will result in any injury to Intercontinental. We do not agree.

The record contains some evidence of probable injury. Intercontinental is a manufacturer of molded plastic underground boxes for use in the installation of irrigation facilities, municipal water works, and traffic signals. Its business is relatively small in scope and its prospective customers are limited. Under these circumstances,

the trial court could reasonably find that any sales Reeder might make to Intercontinental's customers would probably injure Intercontinental. It was not necessary to prove that Reeder had already taken specific business from Intercontinental, or that his competition would reduce Intercontinental's overall sales.

We have reviewed the other points raised and conclude that the order states sufficient reasons for its issuance and that the acts sought to be restrained are described with sufficient certainty, apart from any references to other documents, to comply with rule 683.

■ We are concerned also that this appeal has apparently been used as an occasion to delay trial of the merits. The temporary injunction was issued on December 28, 1978, and, on March 16, 1979, when oral argument was presented, counsel stated that no trial setting had been made and that no formal request had been made for a setting. Such a delay is a practice we have condemned on several occasions. *Charter Medical Corp. v. Miller*, 547 S.W.2d 77 (Tex. Civ.App.—Dallas 1977, no writ); *Town Plaza Fabrics, Inc. v. Monumental Properties of Texas, Inc.*, 544 S.W.2d 775 (Tex.Civ.App.—Dallas 1976, no writ); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463, 468 (Tex.Civ.App.—Dallas 1976, no writ). Such delays are unnecessary because injunction cases are entitled to precedence and ordinarily can be disposed of on the merits sooner than a temporary order can be reviewed on appeal. *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Town Plaza Fabrics, supra; Irving Bank, supra.* An appeal from a temporary order should not be employed to obtain an advance ruling on the merits because the only legitimate purpose of a temporary injunction is to preserve the status quo pending trial, and the most expeditious relief from an unfavorable preliminary order is prompt trial on the merits. *Southwest Weather*

*Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959); *Texas Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952); *Charter Medical, supra*, at 79. The best practice is for the trial judge to set an early trial on the merits, giving it precedence over other cases, at the time he grants a temporary injunction. *Gonzales, supra; Charter Medical, supra*, at 79; *Irving Bank, supra*, at 689. Such a practice will obviate most interlocutory appeals. Indeed, the judge can often induce the parties to agree to the terms of a temporary order without presentation of evidence if they are assured that it will be in force only until a trial set within a few weeks. In a simple case like the present, an earlier trial setting, even when a full calendar of cases is already set, will cause no more disruption of the docket than a hearing on the application for temporary injunction. If the case is settled before trial, both hearings will be avoided.

■ An early setting on the merits may be material in determining the standard of review applicable to temporary orders granting or denying injunctive relief. The question on such appeals is whether the trial judge abused his discretion. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex.1978); *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). If an early trial has been set on the merits, the judge's discretion will be disturbed only for the most urgent reasons. On the other hand, if the duration of the temporary order is uncertain because no trial setting has been made, a stricter review may be necessary because the temporary order may have the effect of accomplishing the main purpose of the suit. Consequently, we strongly urge that an early trial setting be made whenever a temporary injunction is granted and that the date set for trial on the merits be recited in the temporary order. *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). The same practice is suggested if a temporary injunction is denied and the ultimate relief sought may be ineffective if the trial is substantially delayed.

Affirmed.