Newton O. ROGERS et al., Appellants,

v.

Gene HOWELL et al., Appellees.

No. 20222.

Court of Civil Appeals of Texas, Dallas.

Dec. 7; 1979.

Rehearing Denied Jan. 9, 1980.

Richard L. Jackson, Shuford, Jackson & Allen, Dallas, for appellants.

S. Stewart Frazer, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

Appellants appeal from a judgment granting to appellees, three individual shareholders of American Cities Trust Company, a temporary injunction against appellants' foreclosure on certain realty owned by American Cities Trust Company. Appellants challenge the jurisdiction of the trial court because an allegedly indispensable party has not been joined, and contend that

the trial court abused its discretion because no evidence was introduced to justify this judgment. Since we find that no evidence was introduced which could support issuance of a temporary injunction, we reverse and remand.

■ Appellants raise the question of whether a corporation whose charter has been forfeited for failure to pay its franchise tax is an indispensable party to an action by shareholders of that corporation to enjoin foreclosure of property owned by the corporation. On appeal of a preliminary matter, such as the issuance of this temporary injunction, however, that question is not reached. *See Brooks v. Expo Chemical Co.*, 576 S.W.2d 369, 370 (Tex. 1979); *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ). Therefore, we overrule appellant's first point of error. Additionally, we reaffirm our condemnation of the practice of attempting to obtain an advance ruling on the merits by appealing the issuance of a temporary injunction. *E. g., Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1979, no writ); *Charter Medical Corp. v. Miller*, 547 S.W.2d at 79; *Town Plaza Fabrics, Inc. v. Monumental Properties of Texas, Inc.*, 544 S.W.2d 775, 776 (Tex.Civ.App.—Dallas 1976, no writ). The most expeditious relief from such an order is prompt trial on the merits. *Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d at 499.

■ In oral argument appellant contended that even if joinder of an indispensable party is not a proper question on this appeal, appellee must show at least that he has standing to bring this action for temporary injunction. Otherwise, anyone could bring the activities of a business enterprise to a halt by filing a suit and obtaining a temporary injunction, even though he had no interest in that business or its activities. To justify issuance of a temporary injunction, however, a party must show a probable right to recover on the merits and a probable injury. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526, 528 (Tex.1975). In order to make a showing of a probable right to recover on the merits, a party must show that he has probable standing to pursue the suit on its merits. If this probable standing showing is made, sufficient standing exists to bring the temporary injunction action. Without passing on the ultimate questions of standing, or right to recover, we hold that the allegations of this petition, if supported by evidence, would be a sufficient showing of a probable right of recovery to support the issuance of a temporary injunction. We now proceed to determine whether sufficient evidence was presented at the hearing to justify the trial court's exercise of discretion in issuing the temporary injunction.

■ Appellate review of the issuance of a temporary injunction is governed by an abuse of discretion standard. Thus, if the evidence tends to support a cause of action as alleged, the action of the trial court must be sustained. *Id.* at 528. Here, however, counsel for appellees concedes that the only evidence in support of appellees' right to recover on the merits and injury is the appellees' sworn pleadings. The question before us, therefore, is whether sworn pleadings alone are sufficient evidence to support the issuance of a temporary injunction.

In *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex. 1968), the supreme court addressed this question and held that "in the absence of agreement by the parties, the proof required to support a judgment issuing a writ of temporary injunction may not be made by affidavit, and thus [a] sworn petition does not constitute evidence supporting the trial court's judgment . . . ." *Id.* at 686. In light of that holding, it was an abuse of discretion to issue a temporary injunction because no evidence that would support a temporary injunction was presented to the trial court. Consequently, appellants' second point of error is sustained.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.