**Paul H. DITTMER, Appellant,**

v.

**SOURCE E D P, TEXAS, INC.,**
**Appellee.**

**No. 20301.**

Court of Civil Appeals of Texas, Dallas.

Feb. 19, 1980.

Timothy E. Kelley, Dallas, for appellant.

Timothy Blakeley, Geary, Stahl & Spencer, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

Defendant Paul Dittmer complains of a temporary injunction restraining him from competing with plaintiff Source EDP, Texas, Inc. in the placement of computer professionals in and within one hundred miles of the city of Dallas. The suit is based on a covenant against competition signed by defendant as an employee of Source EDP, Western Region, Inc., which is alleged to be a "predecessor in interest" of plaintiff Source EDP, Texas, Inc. The question for our decision is whether the trial judge abused his discretion in granting a temporary injunction to preserve the status quo until a trial on the merits. We find no abuse of discretion.

*Duration of Restraint*

One of the grounds defendant advances to show abuse of discretion is that the temporary injunction enables plaintiff to achieve the whole object of its suit without a full hearing. In this connection defendant points out that the covenant runs two years from termination of his employment, which occurred September 1, 1978. Defendant started his own competing business in October 1979, and the temporary injunction was issued November 12, 1979. Defendant acknowledges that trial on the merits is set for January 21, 1980, but he asserts that he has no assurance that the case will be reached for trial on that date. He says he fears that because of other cases set on the same day this trial will be postponed so as to keep the temporary injunction in force for substantially the whole of the remaining period of the covenant, which expires on September 1, 1980.

We do not believe that these circumstances show an abuse of discretion. We commend the trial judge for giving the case precedence by setting the trial on the merits within three months after the suit was filed. Apparently he did so in the light of our decisions, such as *Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1979, no writ), and *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 79 (Tex.Civ.App.—Dallas 1977, no writ), in which we emphasized that an early trial on the merits provides more expeditious relief from a temporary injunction than an interlocutory appeal because of the precedence to which injunction cases are entitled. In view of the expiration of the covenant on September 1, 1980, and the trial court's evident recognition of such precedence, we may presume that the case will be tried on January 21, or as soon after that date as may be consistent with prompt disposition of other cases entitled to similar precedence, and that it will not be postponed for trial of other cases on the docket. Consequently, we have no reason to suppose that the temporary injunction will accomplish substantially the whole purpose of the suit. *See Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110, 112–13 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

Counsel has suggested that preferential treatment for trial of injunction cases on the merits may be subject to abuse in that plaintiffs whose principal claims are for damages may seek temporary relief in order to obtain a preferential setting. That problem is not involved here, since plaintiff's only claim is for injunctive relief. More-

over, trial judges have ample discretion to manage their dockets according to the exigencies of particular cases.

In the present case, although the trial judge set the trial on the merits with commendable promptness after the hearing on the temporary injunction, an even better practice would have been to have a conference with counsel before hearing evidence on the application for temporary injunction with a view to obviating the hearing on the application for temporary relief by setting an early trial on the merits. The interlocutory proceeding on November 8, 1979, is characterized by counsel as a "full evidentiary hearing." The record before us indicates that the evidence was fully developed. We see no reason why the same evidence could not have been presented to the court or jury for final decision on that day. Such a trial would have disrupted the docket no more than the hearing on the temporary injunction. Presumably, if the parties had requested such an early trial, the judge would have provided it, either on the date set for the preliminary hearing or a few days later, and thus only one evidentiary hearing would have been required.

## Reasonableness of Restraint

Defendant contends that the restraint enforced by the temporary injunction is unnecessary and unreasonable because he had not been engaged in the business of computer personnel placement during the three years preceding termination of his employment. The evidence shows that in 1975 he was assigned to placement of personnel in finance-related jobs, and, although he continued to supervise employees engaged in placement of computer personnel, he had no more direct contacts with customers in that field.

This change in defendant's duties does not, in our opinion, establish an abuse of discretion in granting the temporary injunction. The judge could reasonably find from the evidence that the defendant's contacts with customers in the computer personnel placement aspect of plaintiff's business were still of sufficient value to consti-

tute protectable assets. Consequently, notwithstanding this change in defendant's duties, we conclude that the temporary injunction is supported by authorities holding that the competitive advantage an employee gains by contacts with his employer's customers justifies enforcement of a reasonable covenant against competition after the employment has terminated. *Weber v. Hesse Envelope Co.*, 342 S.W.2d 652, 655 (Tex.Civ.App.—Dallas 1960, no writ); *Texas Ice & Cold Storage Co. v. McGoldrick*, 284 S.W. 615, 617 (Tex.Civ.App.—San Antonio 1926, writ ref'd).

## Probable Injury

Defendant complains further that the pleading and proof fails to show probable injury from violation of the covenant in that it fails to show an appropriation of plaintiff's protectable interests by defendant. In this connection defendant points out that when he left plaintiff's employment he took with him no list of customers or other proprietary information and made no use of any special methods or secrets. We conclude that the evidence of probable injury, though weak, is sufficient to sustain the trial court's discretion to preserve the status quo until a final trial. The testimony showed that the number of companies operating computer facilities in Dallas and within a hundred miles from it is limited and although lists of such companies are available to anyone, the business of personnel placement in this field is highly competitive and defendant's past contacts with hiring officers of such prospective customers provides a definite competitive advantage. Defendant's testimony shows that he was making calls to some of the same companies that he had solicited when working for plaintiff and that he would continue to do so unless restrained. Consequently, we hold that sufficient probable injury has been shown to justify injunctive relief to preserve the status quo. *Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d 497, 498–99 (Tex.Civ.App.—Dallas 1979, no writ).

## Evidence of Other Covenants

■ Defendant complains of the trial court's exclusion of evidence that after he had signed the covenant in question, plaintiff adopted for its employees a standard form of covenant against competition which limited the period of restraint to one year after termination of employment. He insists that this evidence constitutes an admission that the two-year restraint provided by the covenant in question is unreasonable in duration. We do not agree. The evidence shows that defendant was a branch manager in computer personnel placement and not only had made substantial contacts with customers, but had been responsible for developing the business and training other employees. The excluded evidence had little probative force. Before giving it any weight, the judge would have had to determine whether any other employees who had signed one-year covenants in situations similar to defendant's and why plaintiff had limited duration of their covenants to one year. We hold that the trial judge had discretion to decline to go into these collateral matters at the temporary injunction hearing.

## Plaintiff's Standing to Enforce Covenants

■ Finally, defendant asserts that plaintiff Source EDP, Texas, Inc. has no standing to enforce the covenant because the evidence fails to show that plaintiff is a party to it. We conclude that plaintiff's standing is supported by the evidence. Defendant testified that he went to work for Source EDP, Western Region, Inc., in 1968 and signed the covenant in favor of that corporation. Sometime later his paychecks began to read "Source EDP." He could not say when the corporate structure changed, but he understood that it was done for state licensing purposes. He continued to work for "Source EDP" until termination of his employment with the Source organization in September, 1978. During the whole time from his initial employment in 1968 until his termination, his employer, was engaged in the same business and he reported to the same person. Although the evidence does not expressly identify "Source EDP" as plaintiff Source EDP, Texas, Inc., there is nothing in the record suggesting that a third corporation with a similar name was involved. Defendant testified at some length and the record fails to show that he ever asserted that plaintiff was not, as alleged, the successor in interest to Source EDP, Western Region, Inc. On this evidence, we hold that the trial judge did not abuse his discretion in inferring for the purpose of the temporary injunction hearing that plaintiff was the successor in interest to Source EDP, Western Region, Inc. and, therefore, entitled to enforce the covenant in question.

Affirmed.

## ON MOTION FOR REHEARING

■ In his motion for rehearing defendant raises the single contention that the temporary injunction should be reformed to expire on September 1, 1980, or on rendition of final judgment, whichever occurs first. On original submission we declined to reform the injunction on that ground in view of the trial court's evident intent to try the merits at an early date. On reconsideration, however, we conclude that the order is technically in error in that the injunction by its terms could continue beyond the period of the covenant. Consequently, we reform the order in that respect.

Plaintiff objects to the reformation, asserting that it has amended its petition in the trial court to allege that defendant's employment terminated on December 31, 1978, rather than in September 1978, and, therefore, reformation in this court would foreclose a fact question on the date of termination which should be determined by the trial court. We do not view the date of termination as an issue on this interlocutory appeal. Plaintiff's application for injunction alleged that defendant's employment terminated in September 1978 and that the duration of the covenant was two years. It is improper for a temporary injunction granted on this record to continue beyond that time. In the unlikely event that the case is not disposed of before September

1980, the trial court, on a proper showing, may grant further temporary relief.

The motion for rehearing is granted and the court's order is reformed so as to limit the duration of the temporary injunction to September 1, 1980, or until rendition of final judgment on the merits, whichever occurs first.