**Ronald McCULLARS, Appellant,**

v.

**VAN WINKLE–HOOKER COMPANY,
Appellee.**

**No. 20638.**

Court of Civil Appeals of Texas,
Dallas.

Nov. 21, 1980.

Toby L. Gerber, Berman, Fichtner & Mitchell, Dallas, for appellant.

Wm. Kim Wade, Geary, Stahl & Spencer, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

This is an appeal from a temporary injunction enjoining appellant McCullars and the sheriff of Dallas County from selling appellee's property to satisfy a default judgment obtained by McCullars. The trial judge granted the temporary injunction to maintain the status quo during pendency of a bill of review filed by appellee to set aside a final default judgment rendered against it. We hold that the trial judge was justified in granting the temporary injunction and thus did not abuse his discretion. Accordingly, we affirm.

Appellant McCullars sued appellee Van Winkle-Hooker Company for recission of a lease-sell agreement under which Van Winkle leased him a Porsche automobile, for restitution, and for damages under the Deceptive Trade Practice Act. Van Winkle Company filed an answer in the form of a letter from its manager. Appellee McCullars filed a motion to strike Van Winkle's answer on the ground that a corporation cannot represent itself. A copy of this motion was mailed to Van Winkle, which meanwhile had changed its address from that at the time its answer had been filed. At the hearing on the motion to strike Van Winkle's answer, Van Winkle was not represented. The trial judge struck the an-

swer, gave Van Winkle ten days to file another answer, and then rendered default judgment in favor of McCullars for $16,000.

McCullars then caused a writ of execution to issue, and the sheriff proceeded to levy upon Van Winkle's property. At this time, Van Winkle obtained an attorney, who filed its petition for a bill of review and an application for a temporary injunction. In its petition, Van Winkle alleged that its failure to file an answer by an attorney was not intentional or the result of conscious indifference; that it had in fact exercised diligence; that it had no knowledge or notice that its original answer had been stricken; that it did not file another answer because it believed its original answer would prevent default; and that it had not learned of rendition of the default judgment against it until more than thirty days following the taking of the default. Van Winkle further alleged that it had received no correspondence or notice from McCullars or from the court between the time it answered the suit by letter until the sheriff levied against its property.

The trial judge granted a temporary restraining order and set a hearing on Van Winkle's motion for an injunction. The trial judge also granted Van Winkle's motion for the court to conduct bifurcated hearings on its bill of review pursuant to Tex.R. Civ.P. 174(b) and *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979). Accordingly, the trial judge held a hearing with respect to Van Winkle's excuse for permitting the default to be taken against it and at the same time, heard evidence, with respect to Van Winkle's entitlement to a temporary injunction.

At this hearing, the testimony showed that Van Winkle did not receive McCullar's motion to strike its answer nor any other notice with respect to the lawsuit until a Sheriff's deputy levied execution. Furthermore, the court's clerk testified that the court's docket sheet showed that a copy of the default was sent to McCullars but that no notice of the date of trial, nor of McCullars' trial amendment, was sent to Van Winkle. With respect to whether notice of default was sent to Van Winkle, she testified that the court's docket sheet showed that notice was delivered to McCullars' attorney but did not show that notice had been sent to Van Winkle, as required by Tex.R.Civ.P. 306d. After hearing, the court rendered its order finding that the default judgment was granted as a result of an official mistake unmixed with negligence on the part of Van Winkle. On the authority of *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979), the trial court reserved for a separate trial the issue of whether Van Winkle had a meritorious defense to McCullars' original suit. Additionally the court granted a temporary injunction maintaining the status quo pending this separate trial, conditioned upon Van Winkle's filing a bond in the amount of $18,000. From the granting of this temporary injunction, McCullars appeals.

On this appeal, McCullars argues that the trial court abused its discretion in granting a temporary injunction because the evidence at the hearing showed that Van Winkle was negligent, as a matter of law, in allowing a default judgment to be rendered against it. Additionally, McCullars asserts that Van Winkle failed to plead the requirements for a bill of review. Consequently, McCullars maintains that we need to review these questions to determine whether Van Winkle has established its probable right of recovery as a condition precedent to its entitlement to a temporary injunction, as required by *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). We disagree.

We decline to pass on these questions in the context of an appeal from a temporary injunction because to do so, even if McCullars' contentions had merit with respect to his bill of review, would be to pass on interlocutory matters over which we have no jurisdiction. *See Warren v. Walter*, 414 S.W.2d 423 (Tex.1967). This is an additional reason to adhere to our constant position that an appeal from a preliminary temporary injunction should not be used to obtain an advance ruling on the merits. *Rogers v. Howell*, 592 S.W.2d 402, 403 (Tex.Civ.App.

—Dallas 1979, writ ref'd n.r.e.); *Reeder v. Intercontinental Plastics Manufacturing Co.*, 581 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1979, no writ); *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ. App.—Dallas 1977, no writ); *Town Plaza Fabrics, Inc. v. Monumental Properties of Texas, Inc.*, 544 S.W.2d 775, 776 (Tex.Civ. App.—Dallas 1976, no writ); *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.); *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463, 468 (Tex.Civ.App.—Dallas 1976, no writ). *See Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421–22 (1959).

■ Furthermore, any opinion that we may render on these matters would not be binding on the merits. Even though the trial court tried the bill of review on the merits with respect to the issue on the alleged excuse, that court rather than this court, still had jurisdiction over questions of fact and law in the bill of review proceeding because those questions have not been finally adjudicated and any adjudication with respect to them is subject to change by the trial judge. Accordingly, we conclude that it is improper for us to review the pleadings and evidence presented in the bill of review proceeding with respect to whether all of the prerequisites for a bill of review have been established. Instead, for the purpose of determining whether Van Winkle has shown a probable right to recovery, we hold that the pleadings and evidence supported the trial court's granting of a temporary injunction. Indeed even if defects in pleadings exist, the pleadings may be amended to cure any defect. With respect to the evidence, sufficient evidence was presented, as noted *supra*, to support the trial judge's finding that Van Winkle established a probable right of recovery and thus to support his order granting the temporary injunction pending a final hearing on the merits.

As noted *supra*, McCullars' principal contention is that Van Winkle's negligence in permitting a default to be taken against it was established as a matter of law. We cannot agree with this contention for yet another reason. No issue can be established as a matter of law where the evidence may be supplemented at a subsequent hearing and where, as here, the findings of the trial judge are interlocutory. Thus, we conclude that appellant's argument that Van Winkle's negligence was established as a matter of law is without merit.

Because both the grant of a bill of review and a temporary injunction are equitable remedies, the trial judge has broad discretion to prevent harsh and unjust results and to see that justice prevails. The reason for this broad grant of discretion to the trial judge is so that he can prevent potential injustices, such as would occur here, but for the exercise of the trial judge's discretion in granting the injunction. In this situation, by virtue of the bond, McCullars' rights are fully protected in the event Van Winkle fails to prevail on the merits of the bill of review. By the same token, the granting of a temporary injunction prevents a sheriff's foreclosure sale of Van Winkle's property, which type of sale rarely produces full market value. Thus, if the injunction had not been granted, Van Winkle's property would likely have been sold at foreclosure for far less than its actual value, to Van Winkle's irreparable damage. This would be unconscionable even if Van Winkle failed to prevail at the hearing on the merits of McCullars' action against it, and, certainly a gross miscarriage of justice if Van Winkle ultimately prevailed on the merits. For these reasons, we hold that the trial court was justified in granting a temporary injunction restraining enforcement of the judgment. Accordingly, we affirm.