MEMORANDUM OPINION

No. 04- 05-00886-CV


George PRAPPAS,

Appellant

v.


Said ENTEZAMI,

Appellee

From the 224th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CI-16917

Honorable Martha Tanner, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 22, 2006

REVERSED, INJUNCTION DISSOLVED, AND REMANDED



 Appellee purchased real property at a foreclosure sale conducted by appellant. When appellee mailed his cashier's check to
appellant, appellant returned the check and refused to deed the property to appellee. Consequently, appellee sued appellant
for specific performance, and filed an application for a temporary restraining order and a temporary injunction. Appellee
asserted he would suffer irreparable injury unless appellant was enjoined from re-offering the property for sale. The trial
court granted the temporary restraining order and set a hearing for October 31, 2005 on the application for a temporary
injunction. The appellant did not appear at the October 31st hearing, and the trial court signed an order for the issuance of a
temporary injunction, enjoining appellant from selling the property at any foreclosure sale. This is an interlocutory appeal
from the trial court's granting of the temporary injunction. We reverse and remand.

RECORD OF HEARING

 Appellant complains that a record was not made of the October 31st hearing on the application for a temporary injunction. 
According to appellant, the lack of a record precludes meaningful appellate review of the temporary injunction.

 Ordinarily, in the absence of a reporter's record, we presume the evidence supports the trial court's findings. See Wright v.
Wright, 699 S.W.2d 620, 622 (Tex. App.--San Antonio 1988, writ ref'd n.r.e.). Here, appellee concedes no record was
made, but asserts sufficient evidence exists to support the court's injunctive order because the court had before it appellee's
verified application. We disagree.

 As a prerequisite to a temporary injunction, probable right and probable injury must be established by competent evidence
adduced at a hearing. Millwrights Local Union No. 2484 v. Rust Eng'g Co., 433 S.W.2d 683, 686-87 (Tex. 1968) (citing
Tex. R. Civ. P. 680). In Millrights, no evidence was offered during the hearing in support of the applicant's right to a
temporary injunction. The Supreme Court considered whether the applicant's sworn petition could be treated as an affidavit,
and whether the required proof could be made by affidavit. Id. at 686. The Court held that, in the absence of an agreement
by the parties, the proof required to support a judgment issuing a writ of temporary injunction may not be made by affidavit,
and thus a sworn petition does not constitute evidence supporting the trial court's judgment in issuing a temporary
injunction. Id. The Court analyzed Rule 680 of the Texas Rules of Civil Procedure and found the conduct of a "hearing"
required by the rule implies that evidence is required to be offered. Id. at 687. The Court found no basis in the language of
Rule 680, or elsewhere, for holding that the "application" for a temporary injunction constitutes evidence at the hearing, or
that proof may be made in any manner other than according to standard Rules of Evidence. Id. Because no evidence was
adduced at the hearing on irreparable injury or probable recovery, the Court held that the temporary injunction could not
stand. Id.; see also In re Tex. Natural Res. Conservation Comm'n, 85 S.W.3d 201, 204 (Tex. 2002) (orig. proceeding)
(noting temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on
sworn pleadings); Markel v. World Flight, Inc., 938 S.W.2d 74, 79 (Tex. App.--San Antonio 1996, no writ) (holding that
pleadings alone will not support entry of a temporary injunction where record contains absolutely no testimony or any type
of evidence to prove imminent or irreparable harm); Rogers v. Howell, 592 S.W.2d 402, 403 (Tex. Civ. App.--Dallas 1979,
writ ref'd n.r.e.) (finding sworn pleadings alone insufficient evidence to support issuance of temporary injunction).

 In this case, because we lack a reporter's record, it appears the only evidence before the trial court was appellee's verified
application, which, standing alone, is not sufficient to support the temporary injunction. Therefore, the trial court erred in
granting the temporary injunction. (1) 


CONCLUSION

 We reverse the trial court's order granting temporary injunctive relief and thereby dissolve the temporary injunction; we
also remand the cause to the trial court for further proceedings consistent with this opinion.



 Sandee Bryan Marion, Justice





 



1. Because our resolution of this issue is dispositive of the appeal, we do not address appellant's remaining issue. Tex. R.
App. P. 47.1.