

## NUMBER 13-08–230-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **WANDA JUNE CRENSHAW MCDANIEL,** | **Appellant,** |
| **v.** | |
| **KAREN K. CONNELLY, CHARLES D. HOLLEY, AND WELDON HOLLEY, INDIVIDUALLY AND AS NEXT FRIENDS OF THELMA SPARKMAN,** | **Appellees.** |

### On appeal from the County Court at Law No. 3
of Nueces County, Texas

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Wanda June Crenshaw McDaniel appeals an interlocutory order granting

a temporary injunction in favor of Appellees, Karon K. Connelly, Charles D. Holley and Weldon Holley, individually, and as next friends of Thelma Sparkman ("Sparkman"). By two issues, McDaniel complains that the order should be dissolved because there was no evidence to support the trial court's order and because the injunction order fails to define the acts to be enjoined. We reverse and remand.

## I. BACKGROUND

Karon Connelly, Charles D. Holley, and Weldon Holley, individually, and as next friends of Thelma Sparkman filed suit against Wanda June Crenshaw McDaniel, alleging claims of libel and slander, fraud, and intentional infliction of emotional distress. Sparkman and McDaniel are sisters. Sparkman, and her children as next friends, assert that McDaniel "set on a mission to seize Sparkman's assets" and executed a plan to isolate and alienate Sparkman from her family and friends after the death of Sparkman's husband. The pleadings claim that Sparkman is an incapacitated person. Sparkman also sought injunctive relief prohibiting McDaniel from communicating or interfering with Sparkman, including representing herself as Sparkman's caregiver or spokesperson. After a hearing where no sworn testimony was introduced, the trial court granted Sparkman's request for a temporary injunction.

## II. APPLICABLE LAW

A trial court has discretion in deciding whether to grant or deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury. *Id.* at 204. As a prerequisite to a temporary injunction, probable right to

2

recovery and probable injury must be established by competent evidence adduced at a hearing. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968). In the absence of an agreement between the parties, the proof required to support a judgment issuing a temporary injunction may not be made by affidavit. *Id.* A sworn petition does not constitute evidence. *Id.*; *Rogers v. Howell,* 592 S.W.2d 402, 403 (Tex. Civ. App.–Dallas 1979, writ ref'd n.r.e.).

## III. ANALYSIS

The trial court held a hearing. However, no evidence was introduced by Sparkman. Connelly, Sparkman's attorney and daughter, explained to the court the reasons she was seeking relief on her mother's behalf. Connelly was neither sworn as a witness, nor was the oath waived. Counsel for McDaniel suggested that an evidentiary hearing was required. However, no witnesses were ever sworn.

Remarks by counsel are not competent evidence unless the attorney is actually testifying. *Bay Fin. Sav. Bank v. Brown*, 142 S.W.3d 586, 590 (Tex. App.–Texarkana 2004, no pet.). No competent evidence was presented showing a probable right to relief or irreparable injury. Absent such evidence, we conclude that the trial court abused its discretion in issuing the temporary injunction. We sustain appellant's first point of error. Because this issue is dispositive, we do not address appellant's second issue. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

The order granting the temporary injunction is reversed, the injunction is dissolved and the cause is remanded to the trial court.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.

4