Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00495-CV

**RIO GRAND EXPLORATION, L.L.C.** & Neil Hinze, Individually,
Appellants

v.

**ANJU PRODUCTION, L.L.C.**,
Appellee

From the 365th District Court, Zavala County, Texas
Trial Court No. 08-06-11803-ZCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   March 11, 2009

REVERSED, DISSOLVED, AND REMANDED

Appellants Rio Grand Exploration, L.L.C. and Neil Hinze (collectively Rio Grand) appeal a temporary injunction prohibiting Rio Grand from operating wells on the Anju Production, L.L.C. (Anju) leasehold estate and compelling Rio Grand to formally rescind its right to operate the wells. Without considering the merits of the injunction, we hold the terms of the temporary injunction do not meet the specificity requirements of Texas Rule of Civil Procedure 683. As a consequence, the temporary injunction is void. Accordingly, we reverse

the order, dissolve the temporary injunction, and remand this matter to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

This case stems from a conflict over the development of oil and gas from a leasehold located on the Stuart-Griffin-Perlitz Ranch in Zavala County. Anju sued Rio Grand for damages based on Rio Grand's negligence in operating the wells and sought a temporary injunction to allow Anju to designate a new operator. After a hearing, the trial court granted Anju's request and issued a temporary injunction. Rio Grand appeals the granting of the temporary injunction.

## STANDARD OF REVIEW

The grant or denial of a temporary injunction is an appealable interlocutory order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008); *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). The standard of review for an order granting or denying a temporary is abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of [R]ule 683." *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) (citing *Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ)).

## TEMPORARY INJUNCTION

### A.  Requirements for a Temporary Injunction

A trial court may grant a temporary injunction if the applicant "plead[s] and prove[s] three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204. In the order, the trial court must state why it is issuing the order and must "be specific in terms." TEX. R. CIV. P. 683 (specifying the form of an injunction); *accord State v.*

*Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ). "The requirements of Rule 683 are mandatory and must be strictly followed." *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *Collins*, 261 S.W.3d at 795. If the temporary injunction fails to meet Rule 683's specificity requirement, "the nonconformity constitutes an abuse of discretion and mandates reversal." *Torres*, 616 S.W.2d at 358.

**B.  Analysis of Temporary Injunction Order**

To be valid, the order must give the reasons why the court chose to issue the injunction, specifically, "why it decided that the applicant would suffer harm, or be endangered by probable injury" if it did not issue the temporary injunction. *Cook United*, 464 S.W.2d at 107. Further, the order's language must be "specific and legally sufficient." *Torres*, 616 S.W.2d at 358. Both the *Torres* and *Charter Medical* cases are instructive here because, in each case, the trial court's order was reversed for failing to state the specific reasons for issuing the injunction as required by Rule 683. In *University Interscholastic League v. Torres*, the injunction read in relevant part:

> The Court further finds that the Plaintiffs have no adequate remedy at law and that the Plaintiff, Rodolfo Torres, would suffer irreparable harm if the Defendants (list is omitted) are not restrained and enjoined . . . .

*Torres*, 616 S.W.2d at 357. In *Charter Medical Corp. v. Miller*, the relevant language was likewise conclusory and insufficient:

> Plaintiffs have established by full and satisfactory proof all elements required for such injunction, including their probable right to recovery and irreparable damage herein and injury by virtue of the Defendants' conduct; . . . .

*Charter Medical*, 547 S.W.2d at 78.

Here, the only part of the trial court's order that can be construed as stating the reasons for issuing the injunction reads as follows:

> B.      That the leasehold, the subject of this suit, as well as the surrounding surface real estate will be subject to probable irreparable injury and is threatened

by the current status of the leasehold irrespective of any remedy that may be available at law; and

C.       That there is a clear and present prospective danger to both leasehold and surface estates which warrants the granting of a temporary injunction.

The only reason given by the trial court for issuing the order is the property "will be subject to probable irreparable injury [because of] the current status of the leasehold." This language is functionally equivalent to *Torres*'s and *Charter Medical*'s legally insufficient phrases. *See Torres*, 616 S.W.2d at 357; *Charter Medical*, 547 S.W.2d at 78. Giving reasons why the order should issue, the *Torres* order asserted "harm if the Defendants . . . are not restrained," *Torres*, 616 S.W.2d at 357, and the *Charter Medical* order posited "damage . . . and injury by virtue of the Defendants' conduct," *Charter Medical*, 547 S.W.2d at 78. Here, the order is even less specific; it does not expressly identify the defendant's conduct, it merely warns of "threatened [injury] by the current status of the leasehold" and a "danger to both leasehold and surface estates." We agree with prior decisions that "[t]he *specific* reasons [for issuing the order] are to be stated in lieu of mere conclusory statements." *Charter Medical*, 547 S.W.2d at 78 (emphasis added); *accord Torres*, 616 S.W.2d at 358.[1]

CONCLUSION

The trial court's temporary injunction order used conclusory language and did not give *specific* reasons why the applicant would be harmed if the injunction did not issue. *See Torres*, 616 S.W.2d at 357; *Charter Medical*, 547 S.W.2d at 78. Therefore, we hold that the order's language did not meet the specificity requirements of Texas Rule of Civil Procedure 683, the order and is void. Accordingly, we reverse the order, dissolve the temporary injunction, and remand this matter to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice

---

[1] *See generally Transp. Co. of Tex. v. Robertson Transps., Inc.*, 152 Tex. 551, 557, 261 S.W.2d 549, 553 (Tex. 1953) (reciting temporary injunction language that meets Rule 683's specificity requirement).